# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE AUTO INSURANCE COMPANY,<br><br>    Plaintiff,<br>    vs.<br><br>RISING INTUITION INC., dba SAFE AUTO INSURANCE SERVICES,<br><br>    Defendants. | CASE NO. 11CV1797-LAB (WVG)<br><br>**ORDER GRANTING<br>PRELIMINARY INJUNCTION** |

Plaintiff filed a complaint on August 11, 2011 in which it sought a temporary restraining order and preliminary injunction that would prevent the Defendants from doing business as Safe Auto Insurance. The TRO was denied for failure to comply with Fed. R. Civ. P. 65(b)(1). The Court ordered Plaintiff to file a proof of service of process, as well as proof of service of the order denying the TRO, at which time it would accept an opposition from the Defendants and set a hearing date if appropriate. (*See* Doc. No. 5.)

Plaintiff has now fulfilled its service obligations, and Defendants have made no appearance whatsoever. The Court construes Defendants' failure to oppose the preliminary injunction motion as consent to granting the motion. *See* Civil Local Rule 7.1(f)(3)(c). The Court also finds that Plaintiff has made the requisite allegations and showing to support the issuance of a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). The motion is therefore **GRANTED**

A temporary restraining order and preliminary injunction is hereby issued against Defendant, its officers, agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them during the pendency of this action, enjoining them from any advertising, promotion, provision of services and/or any other use of the designation "SAFE AUTO INSURANCE," and of any other colorable imitation of Safe Auto Insurance Company's federally registered SAFE AUTO INSURANCE and 1-800-SAFE-AUTO marks, including but not limited to use on any vehicles, uniforms, signs, newspaper or other advertisements, telephone directory listings, Internet websites (including but not limited to the Internet website www.ssi4less.com), bank accounts, and/or any other printed or otherwise published materials, in connection with insurance services, including but not limited to automobile insurance services. Defendant must remove any and all existing incidents or other colorable variants of the SAFE AUTO INSURANCE or 1-800-SAFE-AUTO marks currently in use.

It appears Defendants have failed to answer the complaint within 21 days of service, as required by Fed. R. Civ. P. 12(a). If that is so, Plaintiff may ask the Clerk to enter default in this case.

**IT IS SO ORDERED**.

DATED: September 16, 2011

*[signature]*

**HONORABLE LARRY ALAN Burns**

United States District Judge